UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWAD ZARIF,<br><br>                            Petitioner,<br><br>v.<br><br>PATRICK DIVVER, et al.,<br><br>                         Respondents. | Case No.:  3:26-cv-1320-CAB-DDL<br><br>**ORDER PARTIALLY GRANTING A WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Jawad Zarif's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner claims that Immigration and Customs Enforcement ("ICE") has unlawfully detained him without an individualized bond hearing since February 23, 2025.  [*Id.* at 6.]  Petitioner claims that his detention violates the Fifth Amendment and the Immigration and Nationality Act and seeks immediate release or a prompt bond hearing.  [*Id.* at 9–16.]  For the reasons below, the Court **PARTIALLY GRANTS** the request for a writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing.

## I.    BACKGROUND

Petitioner is a citizen of Afghanistan who entered the United States without inspection near or on February 23, 2025.  [Petition at 6.]  He then turned himself in to

1

immigration officials at or near Roma, Texas.  [*Id.*]  Petitioner was issued a Notice to Appear on September 1, 2025.  [*Id.*]  Petitioner subsequently filed an application for asylum, [*id.*], and on April 13, 2026, an immigration judge granted his application for asylum, [Doc. No. 7 at 2.]  Respondents reserved appeal to the Board of Immigration Appeals ("BIA"), and Petitioner remains in custody.  [*Id.*]

## II.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.    DISCUSSION

Petitioner argues that his prolonged detention without a bond hearing—nearly fourteen months—violates his Fifth Amendment right to due process.  [Petition at 2.]  Respondents do not contest any of Petitioner's asserted facts.  [Doc. No. 12.]  Nor do Respondents make any legal arguments against Petitioner's claims that his detention violates the Due Process Clause of the Fifth Amendment.  [*See id.*; *see also* Petition at 9–15.]  Instead, Respondents say that Petitioner is entitled to "a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight."  [Doc. No. 12 at 2.]

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings

will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given that he has been detained for over a year. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). Regarding the second factor, which consists of the "anticipated duration of all removal proceedings—including administrative and judicial appeals[,]" Respondents have reserved the right to appeal Petitioner's application for asylum to the BIA and Petitioner does not have a timeline for the conclusion of his proceedings. [*See* Doc. No. 7 at 2.] If Respondents appeal Petitioner's application for asylum, Petitioner could expect a lengthy appeals process. Accordingly, the second factor weighs in favor of Petitioner, as the Court cannot anticipate the duration of the removal proceedings. As to the third *Banda* factor, Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G. v. LaRose, et al.*, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication." No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8 (S.D. Cal. January 16, 2026). Thus, the third factor favors Petitioner.

As to the fourth and fifth factors, Petitioner states that he "did not delay his asylum proceedings" and "complied with every filing deadline." [Petition at 14.] Respondents do not provide any explanation for the delay or argue that Petitioner contributed to the delay. [Doc. No. 12.] Given Respondents' lack of explanation for their own delay, the fourth and fifth factors weigh in favor of Petitioner. Finally, the Court finds the sixth factor neutral as it is unclear what the result of Petitioner's removal proceedings will be.

In sum, factors one (the most important), two, three, four, and five weigh for Petitioner, while factor six is neutral. The Court thus concludes that Petitioner's continued mandatory detention under § 1225(b) without a bond hearing violates his right to due

process.   Petitioner is entitled to a prompt and individualized bond hearing before an immigration judge.

### IV.   CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.  The Court therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing by **May 4, 2026**.  The Clerk of the Court shall close the case on May 11, 2026 unless the Court is notified that the bond hearing did not occur.

It is **SO ORDERED**.

Dated: April 20, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-1320-CAB-DDL